James J. MILLER, Petitioner,

v.

Earl L. BUTZ, Secretary of Agriculture,
Respondent.

No. 74-1234
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1974.
Rehearing Denied Sept. 11, 1974.

---

C. Tad Sanders, Wayne M. Graham, Kansas City, Mo., Paul A. Nalty, New Orleans, La., for petitioner.

Earl L. Butz, Sec. of Agriculture, Dept. of Agriculture, Stephen E. Storch, James E. Andrews, U. S. Dept. of Agriculture, Leonard Schaitman, Judith S. Feigin, Dept. of Justice, Civ. Div., App. Sec., Washington, D. C., for respondent.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

■ Miller seeks review of the decision of the Judicial Officer acting for the Secretary of Agriculture entered in a proceeding brought against him under the Packers and Stockyards Act, 7 U.S.C. § 181 et seq. The complaint involved the operations of Miller as the Beaumont Livestock Commission Co., Beaumont, Texas, and DeQuincy Livestock Commission Co., DeQuincy, La., for violations of 7 U.S.C. § 208, 213(a) and the regulations promulgated thereunder, 9 C.F.R. 201.40–42, .59. A trial before an administrative law judge resulted in an opinion adverse to petitioner. He appealed solely on the question of the severity of the sanction, a 21 day suspension as a registrant. The Judicial Officer affirmed the finding of the administrative law judge.

7 U.S.C. § 204 provides that, upon a finding of a violation, the Secretary may issue a suspension of a registrant for a reasonable specified time. The scope of review of this statute was set out in Butz v. Glover, 411 U.S. 182, 188–189, 93 S.Ct. 1455, 1459, 36 L.Ed.2d 142, 148 (1972): "[t]he fashioning of an appropriate and reasonable remedy is for the Secretary, not the court. The court may decide only whether under the pertinent statute and relevant facts, the Secretary made 'an allowable judgment in [his] choice of the remedy.'"

Bowman v. U.S.D.A., 5 Cir., 1966, 363 F.2d 81, affirmed a 30 day suspension for the same violations involving multiple stockyards. It also considered the adverse publicity issue raised by petitioner and found it lacking.

■ Petitioner's allegation of the lack of an opportunity for an impartial and unbiased appeal before the Judicial Officer is not supported by the record.

The petition for review is denied.