**J. ACEVEDO AND SONS et al., Petitioners,**

**v.**

**UNITED STATES of America and Earl L. Butz, Secretary of Agriculture, Respondents.**

**SOUTHWEST PRODUCE, INC., Petitioner,**

**v.**

**Earl L. BUTZ, Secretary of Agriculture, and the United States of America, Respondents.**

**Nos. 75–1359, 75–1380.**

United States Court of Appeals Fifth Circuit.

Dec. 17, 1975.

Rehearing Denied Jan. 16, 1976.

---

Leonard Leighton, Donald L. Cuba, San Antonio, Tex., for petitioners in No. 75–1359.

Earl L. Butz, Sec. of Agriculture, U. S. Dept. of Agriculture, Daniel W. Wentzell, U. S. Dept. of Agriculture, Wm. Kanter, Appellate Sect., Judith H. Norris, Civil Div., Dept. of Justice, Washington, D. C., for respondents in No. 75–1359.

Moses Goldberg, San Antonio, Tex., for petitioner in No. 75–1380.

Earl Butz, Sec. of Agriculture, Daniel W. Wentzell, Atty., U. S. Dept. of Agriculture, Edward H. Levi, U. S. Atty. Gen., U. S. Dept. of Justice, Robert E. Kopp, Neil H. Koslowe, Civ. Div., Dept. of Justice, Washington, D. C., for respondents in No. 75–1380.

Before GEWIN, BELL and SIMPSON, Circuit Judges.

PER CURIAM:

These cases [1] involve suspensions by the Secretary of Agriculture of commodity dealer licenses for violations of the Perishable Agricultural Commodities Act of 1930 (PACA), 7 U.S.C. § 499a et seq. (1970), and its regulations. Specifically, petitioners were suspended pursuant to § 499h for violating § 499b(4) of PACA by failing to "make full payment promptly," as defined by the regulations at 7 C.F.R. § 46.2(aa) (1975).

In both cases the petitioners were afforded a hearing before an administrative law judge and they were permitted to present testimony and witnesses on their behalf. Petitioners admitted the violations, utilizing the hearings chiefly to offer mitigating evidence. The administrative law judge in each case wrote a lengthy opinion finding that suspension of petitioners' dealer licenses for 14 days was an appropriate sanction.[2] However, the judge also found ameliorative circumstances and ultimately chose to defer the actual imposition of the sanction pending present and future

---

1. The two cases were separately argued, but we have determined that the fact situations, though not identical, present the same determinative legal issues. Accordingly, we treat the two cases in this opinion.

2. Since the violations were "flagrant and repeated", see paragraph four of the text, petitioners' licenses could have been revoked rather than merely suspended. See 7 U.S.C. § 499h(a) (1970).

compliance by petitioners.[3] The "grace period" was to run for four years.

 Upon review of this action by the judicial officer, it was determined that this deferred suspension was not a sufficient sanction to require compliance with the policies expressed in the act or to deter others from violating PACA. In lieu of the sanction imposed by the judge, the judicial officer imposed an immediate suspension of petitioners' licenses for 70 days. Petitioners seek review and modification of the officer's decisions. We have determined that under the applicable standard of review reversal of this order is not authorized and we affirm.

In Acevedo's case (No. 75–1359) there were over 100 wilful and flagrant violations of the "full payment promptly" requirement; in the Southwest Produce case (No. 75–1380), the wilful and flagrant violations numbered over 60. Our standard of review in these cases is severely limited. We cannot disturb the action of the Secretary, as accomplished through the judicial officer, so long as the proceedings were properly conducted in accordance with constitutional and statutory standards, unless the judgment is " 'unwarranted in law or . . . without justification in fact,' " *Butz v. Glover Livestock Commission Co.,* 411 U.S. 182, 185–86, 93 S.Ct. 1455, 1458, 36 L.Ed.2d 142, 147 (1973), *quoting American Power Co. v. SEC,* 329 U.S. 90, 112–13, 67 S.Ct. 133, 145–46, 91 L.Ed. 103, 120 (1946); *see Miller v. Butz,* 498 F.2d 1088 (5th Cir. 1974).

 Since we are unable to conclude that the judicial officer's judgments should be disturbed under the standards of review enunciated in *Glover Livestock,* we are compelled to affirm in these cases. We are impressed, however, with the arguments of both petitioners that the penalties imposed are rather severe and may cause serious economic in-

jury both to the enterprises themselves and their employees. Nevertheless, we are unable to conclude that the penalty is arbitrary, capricious or unauthorized in law. . Accordingly, our affirmance is without prejudice to the right of petitioners to seek an amelioration or modification of the penalty by the Secretary.

The petition for review is denied.

---

3. By the hearing date petitioners had substantially paid the tardy accounts in full or had otherwise complied with the act.