501 F.2d 571
 Martin F. SOKOLOFF, Petitioner,
v.
William SAXBE, Attorney General of the United States and
John R. Bartels, Jr., Administrator, Drug
Enforcement Administration of the
Department of Justice, Respondents.
 No. 1148, Docket 74-1313.
 United States Court of Appeals, Second Circuit.
 Argued June 25, 1974.
Decided July 25, 1974.
 
 Raymond B. Grunewald, Brooklyn, N.Y. (Grunewald, Turk & Gillen, Brooklyn, N.Y., on the brief), for petitioner.
 Allan P. Mackinnon, Atty., U.S. Dept. of Justice (Henry E. Petersen, Asst. Atty. Gen., Dept. of Justice; Robert J. Rosthal, Deputy Chief Counsel, Allyn Myles Carnam, Atty., Drug Enforcement Administration, on the brief), for respondents.
 Before MOORE AND FEINBERG, Circuit Judges, and PALMIERI, District judge.*
 FEINBERG, Circuit Judge:
 
 
 1
 Martin F. Sokoloff, M.D., petitions for review of a decision of the Administrator, Drug Enforcement Administration, which revoked his certificate of registration to distribute certain drugs under the Controlled Substances Act (the Act). Dr. Sokoloff argues that the Administrator erred in basing his order on the doctor's conviction on three counts of illegal distribution of amphetamine sulfate tablets, which was entered after a plea of nolo contendere. Petitioner also objects to certain procedures followed by the Administrator. For the reasons stated below, we deny the petition for review.
 
 
 2
 * Petitioner has been a practicing physician since 1957. In November 1972, he was indicted in the United States District Court for the Eastern District of New York on nine counts of distributing amphetamine sulfate and amphetamine hydrochloride tablets, Schedule II controlled substances under the Act.[1] In February 1973, he was issued a certificate of registration to distribute Schedule, II, III, IV and V controlled substances by the Bureau of Narcotics and Dangerous Drugs (now known as the Drug Enforcement Administration). In June 1973, pursuant to a plea bargaining agreement, petitioner pled nolo contendere before Judge Harold R. Tyler, Jr., sitting by designation, to three counts of distributing amphetamine sulfate tablets. 21 U.S.C. 841(a)(1), 842(a)(1), 829(a). A judgment of conviction was entered thereupon and petitioner was fined $250 on each count; he was also placed on unsupervised probation for two years. As a special condition, Dr. Sokoloff was forbidden to stock amphetamines in his office for that period although he was permitted to prescribe them for his patients. At the combined pleading-sentencing hearing, Judge Tyler warned petitioner that there was no guarantee that the plea of nolo contendere would protect him from disciplinary action by federal administrative agencies or state medical licensing boards. While declining to make any recommendations to such agencies, the judge stated that he assumed petitioner would continue to practice medicine and noted that, in his view, 'considerable positive effect' should be given to petitioner's background, particularly his military record as a physician. The judge concluded:
 
 
 3
 Doctor, you look like a decent fellow, except for his horrible affair. As long as you are prepared to accept it as a bitter lesson and I'm sure you'll not do this thing again, I'm confident you will continue your days as an effective practitioner and I wish you well in that regard.
 
 
 4
 In September 1973, the Administrator issued petitioner an order to show cause why his certificate of registration should not be revoked because of his conviction, pursuant to 21 U.S.C. 824. That section provides in relevant part:
 
 
 5
 (a) A registration . . . to manufacture, distribute, or dispense a controlled substance may be suspended or revoked by the Attorney General upon a finding that the registrant--
 
 
 6
 (2) has been convicted of a felony under . . . any . . . law of the United States, or of any State, relating to any substance defined in this subchapter as a controlled substance; . . .
 
 
 7
 Thereafter, a contested hearing was held before Administrative Law Judge Thomas A. Ricci at which the key issue was whether a conviction after a plea of nolo contendere is a conviction within the meaning of section 824(a)(2). In December 1973, the administrative law judge, ruled that it was, holding that 'the nolo contendere plea in this case resulted in the substantial equivalent of a criminal conviction and that therefore the registrant's license may lawfully be revoked.' Nevertheless, he gave considerable weight to Judge Tyler's view that the special condition of probation forbidding petitioner to stock amphetamines was sufficient to ensure his compliance with the law and accepted petitioner's contention that to forbid him to prescribe Schedule II substances (which include such important pain-killing drugs as morphine, demerol and dilaudid) would mean 'effective curtailment of his capacity to practice the medical profession.' Accordingly, the administrative law judge recommended that petitioner's certificate of registration not be revoked. The administrative record was then certified to the Administrator for final decision, as required by 21 C.F.R. 316.65(b).
 
 
 8
 In February 1974, the Administrator released his decision revoking petitioner's certificate of registration for substances covered by Schedules II, III, IV and V. He agreed with the administrative law judge that petitioner's conviction after a plea of nolo contendere was a conviction within the meaning of section 824(a)(2). But he held that a conviction 'for three illegal sales of highly dangerous drugs' warranted revocation in order to curtail petitioner's capacity 'to continue breaking the law and in the process to destroy human lives.' He found that the special condition of probation was inadequate to ensure compliance with the law; there was no reason to believe that petitioner could be safely trusted with Schedule II drugs other than amphetamines, and administrative experience had demonstrated that the illegal sale of prescriptions was as dangerous as the illegal sale of the drugs themselves. The Administrator did suggest, however, that prompt consideration would be given to an application by petitioner for a new registration certificate limited to Schedules III, IV and V. Dr. Sokoloff subsequently made such an application; this was granted in April 1974 although a request for a new certificate covering Schedule II substances was denied.
 
 II
 
 9
 Petitioner's first contention in this court is that a conviction after a plea of nolo contendere is not a conviction for purposes of revoking a certificate of registration under section 824(a)(2). He notes that a plea of nolo contendere, unlike a guilty plea, is an admission of guilt only with respect to the criminal case in which it is entered and cannot be used as an admission in a civil case for the same act. Yet here, petitioner argues, in a proceeding unquestionably civil in nature, the Administrator erroneously used the nolo contendere plea as an admission of guilt to a felony charge and the facts alleged in the indictment.
 
 
 10
 We cannot accept the argument. Section 824(a)(2) requires for revocation a finding that the registrant has been convicted of a drug-related felony. To establish this, the Administrator properly relied not upon any admission implied by the plea but upon the uncontested fact of petitioner's conviction. To be sure, there is some logic to petitioner's fallback position that a conviction entered upon a nolo plea assumes the characteristics of the plea itself. See Bruce v. Leo, 129 Colo. 129, 267 P.2d 1014, 1017 (1954). But the effect of a nolo plea is not governed entirely by logic; if it were, the plea might be abolished 'because indubitably the plea does admit the facts and is intended to do so.' Pfotzer v. Aqua Systems, Inc., 162 F.2d 779, 785 (2d Cir. 1947) (L. Hand, J.). 'The only relevant question is what are the limitations which the law assures the accused that he will be entitled to invoke, if he files the plea. That is a mere question of what the courts have decided-- one alternative is no more rational than the other . . ..' Id. Where, as here a statute (or judicial rule) attaches legal consequences to the fact of a conviction, the majority of courts have held that there is no valid distinction between a conviction upon a plea of nolo contendere and a conviction after a guilty plea or trial. Masters v. CIR, 243 F.2d 335, 338-339 (3d Cir. 1957) (appellant's conviction after nolo plea admissible in civil tax fraud suit to impeach his testimony);[2] Maryland State Bar Ass'n v. Agnew, 318 A.2d 811 (Md.Ct.App.1974) (disbarment proceeding); In re Lewis, 389 Mich. 668, 209 N.W.2d 203, 208-209 (Sup.Ct.Mich. 1973) (same); Lee v. Wisconsin State Bd. of Dental Examiners, 29 Wis.2d 330, 139 N.W.2d 61 (1966) (revocation of license to practice dentistry); In re Eaton, 14 Ill.2d 338, 152 N.E.2d 850 (1958) (disbarment); Kravis v. Hock, 136 N.J.L. 161, 54 A.2d 778, 780-782 (N.J.Ct.Err. & App.1947) (liquor license); ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty 1.1(a) at 14-15 (Approved Draft 1968) Note, Nolo Contendere-- Its Use and Effect, 52 Calif.L.Rev. 408, 414-16 (1964).
 
 
 11
 We have twice previously demonstrated our adherence to the majority rule. In Pfotzer v. Aqua Systems, Inc., supra, 162 F.2d at 785, we held that a conviction of a criminal violation of the antitrust laws based on a nolo plea was admissible to impeach the testimony of the pleader in a private treble damage action. We so ruled although we recognized the risk that the jury might regard the plea as an admission of the operative facts and thus negate the limiting effect of pleading nolo contendere rather than guilty. Id. Even more directly on point, we held in United States ex rel. Bruno v. Reimer, 98 F.2d 92 (2d Cir. 1938) (per curiam), that a conviction after the New Jersey equivalent of a nolo plea was a conviction within the meaning of a federal statute authorizing deportation of any alien twice convicted and sentenced to imprisonment for at least one year for crimes involving moral turpitude. In rejecting petitioner's argument to the contrary, we commented:
 
 
 12
 The relator might succeed . . . if deportain depended upon his admission of the commission of a crime . . .; but since it depends upon conviction and sentence, conviction and sentence are the only relevant facts, and the accused may be deported whenever these have been procured by any lawful procedure, as in this case they were.
 
 
 13
 Id. at 92-93. Accord, Ruis-Rubio v. Immigration & Naturalization Service, 380 F.2d 29 (9th Cir.) (per curiam), cert. denied, 389 U.S. 944, 88 S.Ct. 302, 19 L.Ed.2d 302 (1967).
 
 
 14
 We see no reason to interpret the statute in this case any differently. On the contrary, protection of the public is a strong policy reason for adhering to the majority rule in interpreting this drug control legislation. As the administrative law judge stated with regard to petitioner's argument:
 
 
 15
 To permit him, now that the very license which imposed the restriction against criminal conduct is at stake, to say it never happened, would make a mockery of the law.
 
 
 16
 Accordingly, we hold that petitioner's conviction after a nolo plea was a conviction within the meaning of section 824(a)(2).
 
 III
 
 17
 Petitioner also maintains that various procedural errors by the Administrator denied him due process of law and rendered the decision to revoke his registration arbitrary and capricious. After a thorough review of the record, however, we conclude that none of the alleged procedural deficiencies deprived petitioner of any substantial right.
 
 
 18
 Petitioner notes that 21 U.S.C. 824(c) requires the Administrator to serve 'an order to show cause why registration should not be denied, revoked, or suspended' before taking such action. Here the order referred only to revocation and did not specify suspension as an alternative sanction. Petitioner claims that as a result he was deprived of an opportunity to show that suspension was a preferable sanction and the administrative law judge was thus given no option to recommend suspension. The argument is without merit. In the proceedings before the administrative law judge, petitioner made no effort to clarify the range of available remedies or any specific request for suspension rather than revocation. Moreover, the administrative law judge's opinion demonstrates that he was fully aware of his authority to recommend less than total revocation.[3] Indeed, he made just such a recommendation, urging that the special condition of probation was a sufficient sanction.
 
 
 19
 Petitioner next relies on 5 U.S.C. 557(b), reproduced in the margin,[4] and argues that where, as here, the agency did not preside at the reception of the evidence, the presiding employee must initially render a decision which becomes the decision of the agency unless there is an appeal to the agency itself. Petitioner asserts that section 557(b) was violated because the initial decision by the administrative law judge was modified by the Administrator without the filing of any request for review. The argument overlooks the fact that the Drug Enforcement Administration is an agency which, in the language of section 557(b), requires 'the entire record to be certified to it for decision.' See 21 C.F.R. 316.65. Consequently, the administrative law judge only recommends a decision and the Administrator makes the final determination in every case.
 
 
 20
 Petitioner also argues that, although the Administrator commented on the findings of fact and conclusions of law of the administrative law judge, he himself made no specific findings of fact. Without such a factual basis, petitioner maintains, the 'flat revocation' of his certificate was a denial of due process and an abuse of discretion. We disagree. In context, it is clear that the Administrator accepted those findings and conclusions which he did not explicitly reject. Moreover, the Administrator expressly found that petitioner had been convicted of a drug-related felony, a sufficient basis for revocation, and explained his reasons for regarding the special condition of probation as an inadequate sanction. See end of Part I, supra. Furthermore, judicial review of the imposition of sanctions by an administrator charged by Congress with the implementation of a statutory policy is severely limited; the only issue is whether the administrator has made 'an allowable judgment in (his) choice of the remedy.' Butz v. Glover Livestock Comm'n Co., 411 U.S. 182, 189, 93 S.Ct. 1455, 1459, 36 L.Ed.2d 142 (1973). In this case, the Administrator, entrusted by Congress with the task of curbing serious problems of drug abuse, certainly made an allowable choice of remedy in revoking petitioner's registration for Schedule II substances because of 'his conviction for three illegal sales of highly dangerous drugs.'
 
 
 21
 Nevertheless, it seems to us that permanent revocation of petitioner's registration would be unduly harsh under the circumstances. Petitioner is a first offender; the sentencing judge found that his background should be given 'considerable positive effect' and that it was unlikely he would again violate the drug laws. His capacity to practice medicine is, all seem to agree, seriously affected by the revocation. Accordingly, we suggest that the Administrator give careful consideration to any application by petitioner for a new Schedule II certificate after the passage of one year from the effective date of its revocation. Cf. Fink v. SEC, 417 F.2d 1058, 1060 (2d Cir. 1969); Vanasco v. SEC, 395 F.2d 349, 353 (2d Cir. 1968).
 
 
 22
 We have considered petitioner's other arguments and find them to be without merit.[5]
 
 
 23
 The petition for review is denied.
 
 MOORE, Circuit Judge (concurring):
 
 24
 I am willing to concur only because I give full faith and credit to the majority's suggestion to the Administrator that careful consideration be given to petitioner's application for a new Schedule II certificate. In my opinion, too much emphasis has been placed on the technical aspects of the nolo contendere plea and not enough on the circumstances under which it was tendered.
 
 
 25
 When petitioner's case came on before Judge Tyler for plea, there had already been extensive conversations between counsel for government and petitioner and the court. The court had made 'certain suggestions and indeed in effect made a sentence bargain for consideration by the defendant.' The suggested 'sentence bargain' was that if petitioner were to plead nolo contendere to the first three counts, the court would commit itself to impose a fine ($250 on each count), unsupervised probation and an injunction, in effect, that petitioner was not to stock amphetamines in his office during the probation period (two years). There was no injunction against petitioner's prescribing such drugs 'under sound and accepted medical principles.' The court, assuring itself that petitioner understood this 'sentence bargain,' asked petitioner whether, under these circumstances, he was still willing to plead nolo contendere to which petitioner replied in the affirmative. The court continued by making sure that there was no ambiguity in petitioner's mind as to 'my bargain on behalf of this court.' At the same time, the court emphasized that it could not assure petitioner as to what a medical society or federal agency might do. However, 'implicit in one of (the court's) conditions' was the assumption that petitioner 'will be able to continue his practice' and that all the court asked was that petitiomer 'agree not to stock amphetamines in his office.'
 
 
 26
 Shortly thereafter, a proceeding was commenced by the Drug Enforcement Administration to revoke petitioner's registration. A hearing was held before Judge Ricci (Administrative Law Judge). The judge with judicial discernment found in the nolo contendere cases 'judicial discourse seemingly exalting words over reality.' and that 'determinations affecting the rights of individuals and the public are made upon the turn of a phrase, decided by a play on words.' This he determined not to do. Instead he gave 'weight to the valued judgment of the District Court judge' who had 'participated in the discussion that precede the nolo contendere plea.' His conclusion that 'I respectfully recommend that the Attorney General not revoke the registration certificate in this case.' should, in my opinion, also be accorded weight.
 
 
 27
 The Administrator rejected this recommendation, treating petitioner, despite the 'sentence bargain' under which petitioner had pleaded, as one 'who has been convicted.'
 
 
 28
 As Judge Ricci pointed out, there are many 'legal authorities found in libraries' dealing with nolo contendere. Rather than pull these volumes from the shelves and read the stories of other cases, I would prefer to read the record of this case and endeavor to dispense justice upon the facts here presented. However, since the majority has given both petitioner and Administrator the right to take future steps, I am willing to concur.
 
 
 
 *
 Of the United States District Court of the Southern District of New York, sitting by designation
 
 
 [1]
 21 U.S.C. 812(b)(2) defines Schedule II controlled substances as follows:
 (A) The drug or other substance has a high potential for abuse. (B) The drug or other substance has a currently accepted medical use in treatment in the United States or a currently accepted medical use with severe restrictions. (C) Abuse of the drug or other substances may lead to severe psychological or physical dependence.
 The list of Schedule II controlled substances may be found at 21 U.S.C. 812(c) and 21 C.F.R. 1308.12.
 
 
 [2]
 The Masters court bluntly described the limited effect of a plea of nolo contendere:
 There is no valid distinction between a judgment of conviction based on a plea of 'nolo contendere' and such judgment entered after a plea of 'guilty'. The former is an attempted face saving process. A trial judge may at times consent to that procedure but when it is followed by judgment of conviction and sentence it merely provides a surface language cloak which is completely removed by the judgment and sentence.
 243 F.2d at 338.
 
 
 [3]
 The administrative law judge wrote:
 And finally, Section 304 (21 U.S.C. 824(b)) itself literally reveals a congressional intent that the administrative hand of government not exact the full measure of judicial retribution in each and every case. Section 304(b) reads as follows:
 'The Attorney General may limit revocation or suspension of a registration to the particular controlled substance with respect to which grounds for revocation or suspension exists.'
 
 
 [4]
 5 U.S.C. 557(b) provides:
 When the agency did not preside at the reception of the evidence, the presiding employee . . . shall intially decide the case unless the agency requires, either in specific cases or by general rule, the entire record to be certified to it for decision. When the presiding employee makes an initial decision, that decision then becomes the decision of the agency without further proceedings unless there is an appeal to, or review on motion of, the agency within time provided by rule . . .. When the agency makes the decision without having presided at the reception of the evidence, the presiding employee . . . shall first recommend a decision . . ..
 
 
 [5]
 At oral argument, it was revealed that the Drug Enforcement Administration has no formal procedures for parties to submit to the Administrator exceptions to the administrative law judge's recommended decision. 5 U.S.C. 557(c) provides in relevant part:
 (c) Before a recommended, initial, or tentative decision, or a decision on agency review of the decision of subordinate employees, the parties are entitled to a reasonable opportunity to submit for the consideration of the employees participating in the decisions--
 (1) proposed findings and conclusions; or
 (2) exceptions to the decisions or recommended decisions of subordinate employees or to tentative agency decisions; and
 (3) supporting reasons for the exceptions or proposed findings or conclusions.
 Since petitioner has not argued that he had no opportunity to submit material to the Administrator, the issue is not significant in this case. However, we believe that the Drug Enforcement Administration would be well advised to make certain that it is in compliance with section 557(c).