John S. NOELL, M. D., Petitioner,

v.

Peter B. BENSINGER, Administrator, Drug Enforcement Administration, Respondent.

No. 77-2014.

United States Court of Appeals, Fifth Circuit.

Dec. 20, 1978.

Milton E. Brener, New Orleans, La., for petitioner.

Allan P. MacKinnon, Atty., Narcotic & Dangerous Drug Section, Criminal Div., U.S. Dept. of Justice, Stephen E. Stone, Robert J. Rosthal, Act. Chief Counsel, Benjamin R. Civiletti, Asst. Atty. Gen., Drug Enforcement, for respondent.

Before WISDOM, GODBOLD and TJOFLAT, Circuit Judges.

WISDOM, Circuit Judge:

Dr. John S. Noell petitions for review of a Drug Enforcement Administration ("DEA") order revoking his certificate of registration to distribute certain drugs regulated by the Controlled Substances Act. He urges that the Administrator erred in revoking his registration on the basis of a conviction for unlawful distribution of controlled drugs entered on charges to which he pleaded nolo contendere. He also raises issues concerning the sufficiency of the evidence and the propriety of applying the revocation sanction in his case. We deny the petition.

I.

In January 1976 Dr. Noell was convicted in the District Court for the Eastern District of Louisiana of unlawfully distributing controlled substances in violation of 21 U.S.C. § 841(a)(1).[1] He had pleaded nolo

---

1. That section provides:

    (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

    (1) to manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;

    . . . .

contendere to sixteen counts of unlawful distribution, and the district court entered a finding of guilty on all counts. Dr. Noell received a sentence of five years supervised probation, ninety days confinement, and a $15,000 fine.

The Drug Enforcement Administration then initiated proceedings to determine whether to revoke Dr. Noell's registration. A show cause order was issued and a hearing was held on the matter. The administrative law judge concluded that Dr. Noell's registration should be revoked. His findings, conclusions, and recommendations were accepted by the Administrator and an order revoking Dr. Noell's certificate of registration was entered.

## II.

The DEA's action was triggered by the petitioner's 1976 conviction of violating 21 U.S.C. § 841(a)(1). Authority for revoking the certificate of registration is found in section 304(a)(2) of the Controlled Substances Act, 21 U.S.C. § 824(a)(2), which provides in relevant part:

> (a) A registration . . . to manufacture, distribute, or dispense a controlled substance may be suspended or revoked by the Attorney General upon a finding that the registrant—
>
> \*    \*    \*    \*    \*    \*
>
> (2) has been convicted of a felony under . . . any . . . law of the United States, or of any State, relating to any substance defined in this subchapter as a controlled substance; . . . .

Dr. Noell does not dispute the Administrator's finding that he has been convicted of a felony relating to the distribution of controlled substances. He contends, rather, that a conviction entered upon a plea of nolo contendere is not a conviction within the meaning of section 304(a)(2). Because a nolo plea is generally given no effect outside of the proceedings in which it is entered, the petitioner argues, a conviction based on such a plea can have no collateral effect.

We have rejected a similar argument raised in connection with a provision of the immigration laws permitting the Immigration & Naturalization Service to declare deportable aliens who have been convicted of felonies. In *Qureshi v. Immigration & Naturalization Service,* 5 Cir. 1975, 519 F.2d 1174, we acknowledged the rule in this circuit that a conviction based on a nolo contendere plea may not be used as evidence of guilt or for impeachment purposes. We said, however, that the rule was a rule of evidence only and that it had no bearing on the meaning of the statutory provision permitting the Service to deport an alien who has been convicted of a felony. The issue before us now is, as it was in *Qureshi,* "not one of evidence but of what Congress meant when it said 'convicted' ". *Id.* at 1175. Is a conviction based on a plea of nolo contendere a sufficient basis for revocation of a Drug Enforcement Administration certificate of registration which is required as a prerequisite to a physician's prescribing or dispensing controlled substances?

That question has been answered in the affirmative by the Court of Appeals for the Second Circuit in *Sokoloff v. Saxbe,* 2 Cir. 1974, 501 F.2d 571. Indeed, in *Qureshi* we relied on *Sokoloff* in holding that a felony conviction based on a nolo plea suffices for a declaration of deportable status. Although the *Sokoloff* court relied to some extent on authorities holding that a conviction based on a nolo plea may be used for impeachment purposes, a view contrary to our rule, *see, e. g., Piassick v. United States,* 5 Cir. 1958, 253 F.2d 658, it also relied on the plain language of the statute, which permits revocation upon the finding that the registrant has been convicted. "Where, as here, a statute (or judicial rule) attaches

Under his 21 U.S.C. § 829(a), (b) rulemaking authority, the Secretary of Health, Education, and Welfare promulgated a regulation permitting a physician to prescribe controlled substances "for a legitimate medical purpose . .

in the usual course of his professional practice." 21 C.F.R. § 306.04(a). Dr. Noell was convicted of distributing controlled substances outside the course of his professional practice and for no legitimate medical purpose.

legal consequences to the fact of a conviction, the majority of courts have held that there is no valid distinction between a conviction upon a plea of nolo contendere and a conviction after a guilty plea or trial". *Sokoloff* at 574.

■ Had Congress meant that the Administrator may revoke a registration only upon a finding that the registrant had been convicted in a contested proceeding or upon a plea of guilty it would have been a simple matter to have inserted a qualifying phrase. This it did not do. We hold that Dr. Noell's conviction was a conviction within the meaning of the statute.

### III.

The petitioner challenges the Administrator's action on several other grounds. He contends, first, that the the administrative law judge's finding that he prescribed controlled substances for two undercover federal agents for other than legitimate medical purposes is not supported by substantial evidence. The evidence showed, and the law judge found, that on a number of occasions during 1975 Dr. Noell prescribed large amounts of amphetamines for the two agents, ostensibly to help them ward off drowsiness. One of the agents, the law judge found, requested and was prescribed a sedative to counteract the effects of the amphetamine when he needed to sleep. These findings are not challenged. Dr. Noell urges, however, that the conclusion which the law judge drew from this evidence has no support in the record. The only expert who testified at the hearing, Dr. Griffiths, did not feel that Dr. Noell's general manner of treating the two agents was contrary to sound medical judgment. The petitioner contends that the law judge could not substitute his judgment for that of Dr. Griffiths, because he is not himself an expert.

■ This argument, however, ignores the point that under the statute the ultimate factual issue in the revocation proceeding did not call for expert testimony as a matter of necessity. The ultimate issue was not whether Dr. Noell's activities comported with accepted standards of medical practice but whether he knowingly prescribed controlled substances for no legitimate medical purpose outside the course of his professional practice. 21 C.F.R. § 306.04(a). Although professional opinion as to the propriety of a course of practice may be strong evidence as to whether the practitioner subject to the revocation proceedings prescribed in the course of his practice for legitimate medical purposes, expert testimony is not essential to the Government's case. *See United States v. Larson*, 9 Cir. 1974, 507 F.2d 385; *United States v. Bartee*, 10 Cir. 1973, 479 F.2d 484.

■ Because of his expertise in matters relating to the misuse of controlled substances, the Administrator of the Drug Enforcement Administration would have been free to reject expert opinion testimony and to use his own experiences to draw reasonable conclusions from the facts in evidence. *See United States v. Bartee*, 10 Cir. 1973, 479 F.2d 484, 488–89; 2 K. Davis, *Administrative Law Treatise* § 14.13 (1st ed. 1958); *cf. Spitzer v. Commissioner of Internal Revenue*, 8 Cir. 1946, 153 F.2d 967 (upholding Tax Court finding on valuation issue). Such a case is not before us, however. The administrative law judge did not reject Dr. Griffiths' testimony. Rather, he noted in his opinion that Dr. Griffiths merely testified about the propriety of Dr. Noell's general course of practice in prescribing amphetamines to counteract fatigue. Dr. Griffiths was not asked about the petitioner's specific practices with respect to the two federal agents. The law judge could have accepted Dr. Griffiths' testimony that prescribing amphetamines for fatigue does not violate standards of good practice and yet have determined that Dr. Noell prescribed for illegitimate purposes and not for the purpose of remedying any drowsiness from which the agents might have suffered.

■ Turning to the record in the revocation proceedings, we find that substantial evidence supports the Administrator's conclusion that Dr. Noell knowingly prescribed amphetamines for no legitimate medical

purpose. Ogan, one of the federal agents, first came to Dr. Noell in January 1975. The record shows that he represented that he was a college student who was having trouble keeping awake during his morning classes due to his habit of studying until late in the evenings. Dr. Noell testified that on February 10 he prescribed one hundred Plegine, an amphetamine, for Ogan, but warned him not to take more than three a day. Yet, the evidence shows, the petitioner increased Ogan's prescriptions. The law judge found that Ogan returned to Noell's office five times in the next ten weeks, and that on each occasion Dr. Noell prescribed one hundred Dexedrine, a more potent amphetamine than Plegine. When Ogan made his fifth visit, on May 21, the doctor's records should have revealed that Ogan had used or otherwise disposed of four hundred Dexedrine since his March 3 visit, or an average of five a day. Nevertheless, Dr. Noell on May 21 prescribed still another hundred Dexedrine for Ogan. It was a permissible conclusion from the evidence that Dr. Noell prescribed the amphetamines for illegitimate purposes. "[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Federal Maritime Comm'n*, 1966, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131; *N. L. R. B. v. Nevada Consolidated Copper Corp.*, 1942, 316 U.S. 105, 106, 62 S.Ct. 960, 86 L.Ed. 1305.[2]

■ Dr. Noell also challenges the lawfulness of the sanction. He urges that no purpose is served by revoking his registration. The scope of our review on this point is narrow. Where Congress has entrusted an administrative agency with the task of fitting the remedy to the policy of the statute it is charged with administering we cannot set aside its choice of remedy unless it is unwarranted in law or without justifi-

cation in fact. *Butz v. Glover Livestock Commission Co.*, 1973, 411 U.S. 182, 185–86, 93 S.Ct. 1455, 36 L.Ed.2d 142; *American Power Co. v. SEC*, 1946, 329 U.S. 90, 112–13, 67 S.Ct. 133, 91 L.Ed. 103; *J. Acevedo and Sons v. United States*, 5 Cir. 1976, 524 F.2d 977; *Miller v. Butz*, 5 Cir. 1974, 498 F.2d 1088. The Supreme Court has said that a reviewing court may not interfere with an agency's choice of remedy "in the absence of a patent abuse of discretion". *Moog Industries, Inc. v. Federal Trade Commission*, 1958, 355 U.S. 411, 414, 78 S.Ct. 377, 380, 2 L.Ed.2d 370. See also *River Forest Pharmacy, Inc. v. Drug Enforcement Administration*, 7 Cir. 1974, 501 F.2d 1202, 1206; *Sokoloff v. Saxbe*, 2 Cir. 1974, 501 F.2d 571, 576.

■ We find no basis for interfering with the Administrator's decision to revoke the petitioner's registration. The sanction is a permissible one, for the Administrator is expressly authorized to revoke certificates of registration. Section 304(a)(2), 21 U.S.C. § 824(a)(2). Nor is the sanction so severe as to amount to a patent abuse of discretion. In addition to the finding relating to the petitioner's overprescription of amphetamines, the law judge found other evidence of Dr. Noell's mishandling of dangerous drugs. In 1971, the law judge found, the Federal Bureau of Narcotics and Dangerous Drugs conducted an investigation of Dr. Noell and found unexplained severe shortages of controlled substances that Dr. Noell had acquired. As a consequence of that investigation the drugs in Dr. Noell's possession were seized and eventually forfeited by decree of a federal district court. In the 1960's, the law judge found, the petitioner voluntarily surrendered his narcotic drug license at the conclusion of a federal investigation disclosing that he had violated federal narcotics laws by writing prescriptions for narcotics ad-

---

**2.** Because we find the Administrator's conclusion to be supported by substantial evidence we need not address the respondent's contention that to revoke a registration the Administrator need only find that the physician subject

to the proceedings has been convicted of a felony relating to the distribution of controlled substances even when that conviction was based on a plea of nolo contendere.

dicts.[3] The Administrator did not abuse his discretion in revoking the license of a practitioner found by the law judge to be a three-time offender of the federal drug control laws.

█ We also reject the petitioner's argument that the terms of his plea bargain in the criminal prosecution bar the Administrator from revoking his registration. The sentence handed down by the district court did not prevent Dr. Noell from practicing his profession in the future. It simply imposed as conditions of his probation that he not violate any state or federal laws or otherwise "get in any trouble involving his medical or narcotics licenses." Dr. Noell now argues that since he was not told that he might lose his registration as a consequence of his conviction the Administrator's action violates his bargain with the Government. Neither the prosecutor nor the district court, however, had the authority to speak for the Drug Enforcement Administration. At the time Dr. Noell chose to plead nolo contendere it was clear from the *Sokoloff* decision that such a plea did not insulate him from administrative revocation proceedings. The petitioner does not contend that any Government officer induced him to enter a nolo plea by representing that the agency would stay its hand. The plea bargain in the criminal proceeding presented no obstacle to the Administrator's action.

█ Revocation as distinguished from suspension for a specific period might seem severe even where a registrant with a substantial prior history of drug mishandling is involved. It should be kept in mind, however, that revocation does not necessarily mean revocation "forever". Dr. Noell is free to make application for a new registration and that application will presumably be evaluated in good faith by the Administrator. *See Fink v. Securities and Exchange Commission*, 2 Cir. 1969, 417 F.2d 1058.

The petition for review is DENIED.

---

3. Dr. Noell objects to the Administrator's reliance on these instances of his past brushes with the law on the grounds that they were not demonstrated by competent evidence at the revocation hearing. The respondent concedes that the evidence of these occurrences was hearsay culled from the agency's files, but argues that Section 7(d) of the Administrative Procedure Act, 5 U.S.C. § 556(d), permits the hearing officer to admit hearsay evidence so long as it is relevant and material. *See* K. Davis, *Administrative Law Text* § 1405 (3d ed. 1972). The Drug Enforcement Administration's regulations, however, seem to go beyond the APA in requiring that evidence be "competent" as well as material and relevant. 21 C.F.R. § 1316.39(a). Unfortunately, the parties have cited no authorities construing § 1316.-39(a). The law judge, it appears, interpreted the word "competent" to mean "reliable". He admitted the evidence, which was primarily testimonial evidence, once he was assured of its reliability.

We do not view these evidentiary objections as good reason for setting aside the Administrator's decision to revoke Dr. Noell's registration. It is adequate for revocation that Dr. Noell was convicted of a felony relating to the distribution of drugs and that, as the Administrator found, he had prescribed controlled substances for no legitimate medical purpose in violation of the statute. Any errors in the admission of evidence, moreover, were harmless. The administrative law judge had good reason to find the evidence reliable. It consisted primarily of the testimony of the Chief of the agency's Compliance Section for this region concerning the contents of the agency's files. This same officer personally supervised the 1971 accountability investigation of Dr. Noell conducted by the Bureau of Narcotics and Dangerous Drugs. The Government also entered into evidence a copy of the district court condemnation decree that resulted from that investigation. Furthermore, Dr. Noell states in his brief that he does not dispute these facts. To set aside the Administrator's order and require him to rectify any technical shortcomings in the evidence would be to indulge a pointless formalism.