**Philip E. KIRK, M.D., Petitioner,**

v.

**Francis M. MULLEN, Jr.; Drug Enforcement Administration, Respondents.**

**No. 83–3575.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 9, 1984.

Decided Sept. 12, 1984.

---

Frank E. Haddad, Jr. (argued), Louisville, Ky., for petitioner.

Charles E. Pazar (argued), Drug Enforcement Admin., Washington, D.C., for respondents.

Before KEITH and CONTIE, Circuit Judges, and WALINSKI, District Judge.[*]

KEITH, Circuit Judge.

This is a petition for review of a decision by the Administrator of the Drug Enforcement Administration which revoked the certificate of registration of the petitioner, Dr. Philip E. Kirk. The certification of registration authorized Dr. Kirk to distribute certain controlled substances. For the reasons set forth below, the decision of the Administrator is affirmed.

On November 9, 1982, the Drug Enforcement Administration (DEA) directed an Order to Show Cause to Dr. Philip E. Kirk. The order was issued under 21 U.S.C. § 824(d) to revoke DEA Certificate of Registration AK1370612 which had previously been issued to the petitioner. The statutory predicate for the order was the petitioner's felony conviction on May 9, 1977, in the United States District Court for the Western District of Kentucky, on one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846; and 47 counts of unlawful distribution of Schedule II controlled substances in violation of 21 U.S.C. § 841(a)(1).

The petitioner replied to the order by filing a "position statement" with the administrative law judge (ALJ) who presides over DEA administrative proceedings. In this statement the petitioner contends that the DEA was aware of his 1977 conviction when he applied for DEA registration in 1981, and therefore the ex post facto clause of the Constitution bars the DEA from now proceeding against his registration. The ALJ ordered the DEA to respond to petitioner's statement.

The DEA response included an affidavit from James M. Sheahan, the Chief of the Registration Unit of the DEA. Mr. Sheahan was the official charged with the custody and control of all documents related to the registration of practitioners. Mr. Sheahan stated that his unit registers approximately 600,000 DEA registrants a year, at a rate of approximately 50,000 applications for registration a month. He stated that the registration of the petitioner was forwarded from DEA headquarters in Washington, D.C. to the DEA office in

---

[*] Honorable Nicholas J. Walinski, United States District Judge for the Northern District of Ohio sitting by designation.

Chicago (then the regional office responsible for Louisville, Kentucky). The Chicago DEA office approved the application itself, rather than following normal procedures and referring the application to the St. Louis DEA office for further investigation. The petitioner had indicated on his application that he had been convicted of a felony relating to controlled substances. DEA personnel, however, committed a clerical error and registered the petitioner anyway.

On December 21, 1982, the ALJ ordered the petitioner to file a brief statement of grounds for opposing the proposed revocation other than those asserted in his "position statement." On January 3, 1983, petitioner filed a "compliance with Drug Enforcement order" in which he repeated his earlier arguments. He did not request a hearing on the merits or propose any other grounds in opposition to the proposed revocation. In fact, at no time in the proceedings before the DEA did petitioner request a hearing.

The ALJ issued a memorandum and order dated January 7, 1983, in which he concluded that the ex post facto argument was inapplicable. The ALJ also gave the DEA the opportunity to present facts sufficient for him to render a decision.

In response to the ALJ's request, the DEA made a submission on February 4, 1983. Included with that submission was this Court's decision in *United States v. Kirk*, 584 F.2d 773 (6th Cir.), *cert. denied*, 439 U.S. 1048, 99 S.Ct. 726, 58 L.Ed.2d 708 (1978), which provided a thorough and detailed examination of the petitioner's illegal distribution of controlled substances.

Based on this submission, on March 10, 1983, the ALJ recommended revocation of petitioner's registration. The petitioner filed exceptions to the recommendation. On April 11, 1983, the ALJ transmitted his opinion and the record to the Administrator of the DEA. The Administrator adopted the recommendation of the ALJ, and entered his final order revoking petitioner's registration on July 19, 1983. Philip E. Kirk, M.D., Docket No. 82–36, 48 Fed.Reg. 32887 (July 19, 1983).

On this appeal, Dr. Kirk repeats his same argument that the revocation of his certificate of registration by the DEA was in violation of the ex post facto clause of the United States Constitution and his right to due process. Dr. Kirk claims that since he included the details of his conviction in his original application for a certificate of registration, the later revocation of the certificate amounts to additional punishment for the same crime in violation of the ex post facto clause.

We find this contention to be without merit. The ex post facto clause forbids the enactment of any law which (1) imposes punishment for an act which was not punishable when it was committed; or (2) imposes punishment additional to that prescribed when the conduct was originally prohibited. *See, e.g., Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 963, 67 L.Ed.2d 17 (1981). In this case, there was no effort by the DEA to impose any sanction or disability which could not have been imposed at the time petitioner was originally convicted of illegally distributing drugs. Nor has the DEA sought to impose any additional sanction. The DEA merely revoked petitioner's certificate of registration after it was discovered that one had been mistakenly issued to him. After the error was discovered, Dr. Kirk was given an opportunity to present his case before his registration was revoked. This satisfied due process and was not a violation of the constitutional protection against ex post facto punishment.

Petitioner also argues that the DEA decision to revoke his registration is "inequitable" and "unfounded" because the Kentucky State Board of Medical Licensure only suspended his license for one year and placed him on probation for four years. We also find this contention unpersuasive.

Under 21 U.S.C. § 824 the Administrator of the DEA is authorized to revoke or suspend the registration of individuals who are convicted of felonies relating to

**300**

controlled substances. Petitioner clearly fell into this category and the revocation of his registration was within the Administrator's authority. Such action by the DEA has been upheld in several instances. *See, e.g., Noell v. Bensinger,* 586 F.2d 554 (5th Cir.1978); *River Forest Pharmacy, Inc. v. DEA,* 501 F.2d 1202 (7th Cir.1974); *Sokoloff v. Saxbe,* 501 F.2d 571 (2d Cir.1974). The DEA's decision in this case was supported by substantial evidence. Further, we fail to see how a decision by a Kentucky state agency has any relevance to a decision of the DEA made pursuant to its statutory authority.

Accordingly, the petition for review is denied.