Charles E. PEARCE, M.D., Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION, Respondent.

No. 87–4117.

United States Court of Appeals, Sixth Circuit.

Submitted Sept. 30, 1988.

Decided Dec. 5, 1988.

See also, 6 Cir., 836 F.2d 1028.

John C. Lawn, Administrator, Drug Enforcement Admin., Washington, D.C., Mar-

sha Jones, Drug Enforcement Admin., Louisville, Ky., Charlotte A. Mapes, Office of Chief Counsel, Drug Enforcement Admin., Dianne L. Martin, Hearing Clerk, U.S. Dept. of Justice, Drug Enforcement Admin., Margaret A. Grove, U.S. Dept. of Justice, Narcotic & Dangerous Drug Sec., Crim. Div., Washington, D.C., for respondent.

Frank E. Haddad, Jr., Ronald P. Hillerich, Louisville, Ky., for petitioner.

BEFORE: WELLFORD and NELSON, Circuit Judges; and McQUADE,* District Judge.

PER CURIAM.

This is an appeal by a medical doctor, Charles E. Pearce, from the decision of the Administrator of the Drug Enforcement Administration (DEA) revoking his license to dispense drugs. The petitioner had previously pleaded *nolo contendere* in a plea bargain arrangement to a violation of federal drug laws. As required by the statute here involved, 21 U.S.C. § 824(b), the DEA notified Dr. Pearce that it intended to revoke his registration which allowed him to dispense controlled substances. At the hearing Pearce claimed that he did not violate the law, despite his plea, and was permitted to challenge the sources of government information relating to the indictment charges against him. The Administrator accepted the ALJ's findings after the hearing, and revoked his registration. We affirm.

Dr. Pearce was indicted by a federal grand jury of forty-one counts of illegal distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1) and one count of making false statements and representations of material facts in violation of 42 U.S.C. § 1396a(a)(2). Dr. Pearce pleaded *nolo contendere* to unlawful distribution of a schedule III controlled substance in violation of 21 U.S.C. § 841(a)(1), Count II of the indictment, pursuant to a

plea bargain. The plea was accepted; Dr. Pearce was convicted and sentenced. The sentence was later suspended, and Dr. Pearce was punished only by being required to pay a civil fine of $25,000.[1]

Over a year later, the DEA sent a notice to Dr. Pearce informing him that they intended to revoke his DEA Certificate of Registration to dispense controlled substances because of his prior conviction for violating 21 U.S.C. § 841(a)(1). As required by the statute, he was accorded a hearing to show cause why his license should not be revoked.

ALJ Mary Ellen Bittner conducted a hearing on the proposed revocation of Dr. Pearce's registration. At the hearing, the government offered the testimony of a DEA agent, who testified to the investigation of Dr. Pearce's practice, and the circumstances under which he dispensed drugs to undercover agents posing as patients and to others on numerous occasions. The testimony pertained to all of the allegations in the indictment including the one to which Dr. Pearce pleaded *nolo contendere*.

Dr. Pearce also testified at the hearing. He insisted that he did not dispense any medications other than in the ordinary course of what he deemed to be good sound medical treatment. Dr. Pearce also claimed that he was not really guilty of the charge to which he pleaded *nolo contendere*, claiming that he took this step because he was then separating from his wife who suffered from cancer and that both of his parents had recently died. Dr. Pearce's attorney vigorously attacked the credibility of the parties through which the government obtained its information during the investigation.

The ALJ then rendered her opinion, findings of fact, conclusions of law, and decision, concluding that the *nolo contendere* plea provided the statutory basis for the revocation of the DEA registration. The DEA Administrator adopted the ALJ's deci-

---

* The Honorable Richard B. McQuade, Jr., United States District Court for the Northern District of Ohio, sitting by designation.

1. As an aside, it is apparent that despite the personal and family problems Dr. Pearce contends that he had, the plea bargain was a very advantageous one for him.

sion. "The Administrator finds that [Dr. Pearce] has been convicted of a felony relating to controlled substances." (December 2, 1987, 52 C.F.R. No. 231,45877). The Administrator added: "Such activity indicates that respondent cannot be trusted with a DEA registration," and proceeded to revoke Dr. Pearce's DEA registration.[2] Dr. Pearce claims that the Administrator's findings are not supported by substantial evidence, and that the penalty is unduly harsh.

■ Upon a showing of the conviction, § 824(a) allows the Administrator of the DEA to revoke or suspend an individual's DEA registration. Therefore, we find that the DEA properly exercised its authority in revoking Dr. Pearce's registration.

Section 824 provides for the revocation, suspension or denial of renewal of a § 823 registration:

A registration pursuant to section 823 of this title to manufacture, distribute, or dispense a controlled substance may be suspended or revoked by the Attorney General upon a finding that the registrant–

... (2) has been convicted of a felony under that subchapter or subchapter II of this chapter or any other law of the United States, or of any State, relating to any substance defined in this subchapter as a controlled substance.

A conviction *alone* is sufficient to allow the Attorney General (through the DEA Administrator) to revoke or suspend a DEA registration. *See Fitzhugh v. Drug Enforcement Admin.*, 813 F.2d 1248, 1251 (D.C.Cir.1987).

Courts equate a *nolo contendere* plea with an actual conviction in the context of § 824 and other administrative proceed-ings. They are the same. *See Munnelly v. United States Postal Service*, 805 F.2d 295 (8th Cir.1986) (*nolo contendere* pleas to charges of using utility telephone credit card and travel expenses for personal use were grounds for dismissal of Postmaster under employee standards of conduct); *George v. Black*, 732 F.2d 108 (8th Cir. 1984) (*nolo contendere* plea would subject party to mental health commitment proceedings); *Noell v. Bensinger*, 586 F.2d 554 (5th Cir.1978) (*nolo contendere* conviction "was a conviction within the meaning of [§ 824]"); *Sokoloff v. Saxbe*, 501 F.2d 571, 575 (2d Cir.1974) ("we hold that petitioner's conviction after a nolo plea was a conviction within the meaning of section 824(a)(2)").

Subsection (c) of § 824 requires a hearing to be conducted before a registration is revoked or suspended or its renewal is denied. The registrant is required to show cause as to why his registration should not be interrupted. In this case before us, Dr. Pearce went to the hearing attempting to show that he did not violate the law, despite his plea, and on appeal claims that substantial evidence does not support the Administrator's finding that he knowingly prescribed controlled substances for no legitimate medical purpose outside the course of his professional practice.

The statute, however, does not require the government to prove the substance of the criminal violation at the administrative hearing. The purpose of the hearing is not to give the petitioner a chance to go behind or to set aside a guilty plea, or the equivalent of a guilty plea, as in this case. By going to the administrative agency and showing that the grounds for interruption listed in § 824(a) are not met,[3] the regis-

---

**2.** In addition, the Kentucky State Board of Medical Licensure filed a complaint regarding the license of Dr. Pearce to practice medicine in the State of Kentucky. That action is still pending.

**3.** The relevant grounds for revocation in this case are whether the person under consideration:

....

(2) has been convicted of a felony under this subchapter or subchapter II of this chap-ter or any other law of the United States, or of any State, relating to any substance defined in this subchapter as a controlled substance;

....

(4) has committed such acts as would render his registration under section 823 of this title inconsistent with the public interest as determined under such section; or

....

21 U.S.C. § 824(a) (1988).

trant can avoid the hardship caused by an inability to prescribe useful drugs. The administrative hearing's scope is very narrow: Was this registrant convicted in fact or in effect for violating a relevant law? *See Sokoloff,* 501 F.2d at 575 (*nolo* plea in § 824 case stating, "Section 824(a)(2) requires for revocation a finding that the registrant has been *convicted* of a drug-related felony") (emphasis in original); *id.* at 576 (stating "the Administrator expressly found that petitioner has been convicted of a drug-related felony, a sufficient basis for revocation ..."). In *Kirk v. Mullen,* 749 F.2d 297, 299–300 (6th Cir.1984), the court said, "Under 21 U.S.C. § 824 the Administrator of the DEA is authorized to revoke or suspend the registration of individuals who are convicted of felonies related to controlled substances. Petitioner clearly fell into this category and the revocation was within the Administrator's authority." *Id.* In this case, all the DEA needed to show was that Dr. Pearce was convicted of a relevant crime. Substantial evidence in this context would include the judgment (Joint Appendix 228–29) and a showing that this Dr. Pearce, who appeared at the hearing, was the convicted Dr. Pearce.

 Dr. Pearce also contends that the punishment, revocation of his authority to dispense drugs, was unduly harsh. In this context, the other information brought to the hearing is relevant. The Administrator has the choice of either suspension, revocation, or partial suspension or revocation. 21 U.S.C. § 824(b). In this determination the other information can be considered at the Administrator's option. *See River Forest Pharmacy, Inc. v. Drug Enforcement Administration,* 501 F.2d 1202 (7th Cir. 1974).

In *Sokoloff,* the court stated that even though it felt the sanction was unduly harsh; the Administrator had the right to impose the sanction; therefore the court should not set it aside.

> [J]udicial review of the imposition of sanctions by an administrator charged by Congress with implementation of a statutory policy is severely limited; the only issue is whether the administrator has

made "an allowable choice of the remedy." ... In this case, the Administrator, entrusted by Congress with the task of curbing serious problems of drug abuse, certainly made an allowable choice of remedy in revoking petitioner's registration....

*Id.* at 576 (quoting *Butz v. Glover Livestock Comm'n Co.,* 411 U.S. 182, 189, 93 S.Ct. 1455, 1459, 36 L.Ed.2d 142 (1973)).

We conclude in this case that the revocation penalty is not so unduly severe as to amount to an abuse of discretion. *See Noell v. Bensinger,* 586 F.2d at 558. The record reflects that Dr. Pearce has treated many patients competently, but also on numerous occasions he has prescribed controlled substances under very questionable circumstances. The statements of fact in the Administrator's published opinion support the decision.

We accordingly AFFIRM the decision of the Drug Enforcement Administrator.