## ALLSTATE INSURANCE COMPANY *v.*
## PAUL SIMANSKY

Superior Court        Judicial District of       File No. CV970570750S
                           Hartford

Memorandum filed October 7, 1998

*Howard, Kohn, Sprague & Fitzgerald,* for the plaintiff.

*Heffernan & Heffernan,* for the named defendant.

*Riscassi & Davis,* for the intervening defendant Brendan Smith.

FINEBERG, J. This matter arises on the motion for summary judgment filed by the plaintiff, Allstate Insurance Company (Allstate), in its declaratory judgment action against the defendant, Paul Simansky, and the intervening defendant, Brendan Smith. Allstate seeks a ruling that pursuant to a policy coverage exclusion, it owes no duty to indemnify Simansky, its insured, with respect to a claim made against Simansky for personal injuries incurred by Smith. The injuries were incurred during an altercation when Smith was stabbed in the throat with a knife by Simansky. That claim is the subject of a lawsuit brought by Smith against Simansky

pending in this court.[1] The altercation occurred at the University of Hartford, where Simansky and Smith were students.

The relevant underlying facts are not in dispute. Simansky is a person insured under a homeowner's policy of insurance in effect at the time of the subject altercation issued by Allstate in New Jersey to Simansky's parents, who resided in New Jersey. Among other things, the policy provides coverage for accidental loss which an insured person becomes legally obligated to pay as damages resulting from a covered bodily injury or property loss. In the criminal proceeding brought against him for the stabbing, Simansky was convicted of a violation of General Statutes § 53a-59 (a) (3), criminal assault in the first degree, following his plea of nolo contendere.

The issues before this court concern the applicability of a specific policy exclusion. That exclusion, set forth in section II of the policy dealing with "Family Liability Protection," reads: "Losses We Do Not Cover:

"1. We do not cover any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person."

"It is the function of the court to construe the provisions of the contract of insurance." *Gottesman* v. *Aetna Ins. Co.*, 177 Conn. 631, 634, 418 A.2d 944 (1979). Such interpretation presents a question of law for the court. *Aetna Life & Casualty Co.* v. *Bulaong*, 218 Conn. 51, 58, 588 A.2d 138 (1991). Where the terms of the policy

---

[1] Apparently, as was stated at oral argument on this motion, Allstate is presently providing a defense on behalf of its insured in this lawsuit. An insurer's duty to defend involves a more stringent obligation than does its duty to indemnify. *Smedley Co.* v. *Employers Mutual Liability Ins. Co.*, 143 Conn. 510, 516, 123 A.2d 755 (1956). Only Allstate's duty to indemnify is before this court.

are clear and unambiguous, there is no room for construction. *Flint* v. *Universal Machine Co.*, 238 Conn. 637, 642, 679 A.2d 929 (1996).

The parties have cited no Connecticut rulings directly on point on the issues incident to this policy exclusion. The court may look for guidance to other jurisdictions, however, where there are a number of relevant cases. These cases, all enforcing this policy exclusion, include the following: *Allstate Ins. Co.* v. *Brown*, 16 F.3d 222 (7th Cir. 1994) (Indiana law); *Allstate Ins. Co.* v. *Burrough*, 914 F. Sup. 308 (W.D. Ark. 1996); *Allstate Ins. Co.* v. *Dillard*, 859 F. Sup. 1501 (M.D. Ga. 1994); and *Allstate Ins. Co.* v. *Schmitt*, 238 N.J. Super. 619, 570 A.2d 488 (1990).

The terms of the exclusion are clear and unambiguous. The exclusionary conditions are stated in the disjunctive. A distinction is made between (1) bodily injury and property damage which may reasonably be expected to result from an insured's intentional or criminal acts, and (2) such injuries or damage which are in fact intended by the insured. While the condition "or . . . which are in fact intended" requires the subjective or conscious desire of the insured to inflict harm, the condition "which may reasonably be expected" does not. To so require a subjective intent for this condition would render this clause "wholly redundant." *Allstate Ins. Co.* v. *Schmitt*, supra, 238 N.J. Super. 627. Instead, the standard for this clause is objective, the only requirement being that the resulting harm is a foreseeable consequence of the intentional or (in the present case) criminal act. *Allstate Ins. Co.* v. *Brown*, supra, 16 F.3d 225.

*Brown* applied the exclusion to a conviction for recklessly inflicting serious bodily harm while armed with a handgun. Id., 226. *Barnett* applied the exclusion to a conviction for criminal recklessness with a deadly

weapon. *Allstate Ins. Co.* v. *Barnett*, supra, 816 F. Sup. 497. It is not necessary that the insured be criminally charged or convicted, or that he even be susceptible to being so charged or convicted. *Burrough* and *Dillard* involved criminal acts of insured minors, one (Dillard) being only thirteen years of age. The exclusion is triggered by the commission of a criminal act inflicting foreseeable harm, whether or not the insured is or legally can be charged or convicted therefor.

The basic rule on the effect of a conviction is set forth in *Schmitt,* as follows: "A judgment of conviction is conclusive evidence of the insured's guilt. No independent examination of the underlying fact should be undertaken in order to ascertain his guilt of the crime. Although a conviction may or may not be conclusive evidence of the underlying facts, it is to be accorded preclusive effect with respect to the insured's commission of the crime." *Allstate Ins. Co.* v. *Schmitt,* supra, 238 N.J. Super. 633. Schmitt applied the exclusion to a conviction for aggravated assault by " 'recklessly caus[ing] bodily injury to another with a deadly weapon.' "[2] Id., 621.

In his memorandum in opposition to the plaintiff's motion for summary judgment, Smith contends that this exclusion is void as against public policy on the ground that it denies coverage for criminal acts without regard to mental state. The gist of this proposition is that only crimes which are intentionally committed should qualify for a valid exclusion, for otherwise "victims of unintentional crimes might oppose prosecution for fear of

---

[2] The parties appear to have viewed this case as being governed by Connecticut substantive law. A plausible argument can be made that New Jersey law should apply, however, on the ground that the insured risk under this homeowner's policy was basically located in New Jersey. *Reichhold Chemicals, Inc.* v. *Hartford Accident & Indemnity Co.*, 243 Conn. 401, 703 A.2d 1132 (1997). On an analogous issue, see also *Simaitis* v. *Flood,* 182 Conn. 24, 437 A.2d 828 (1980). In such event, *Schmitt* is dispositive of this case.

a loss of compensation." Neither defendant has cited any authority in support of this proposition, whether it be case law, statute or regulation, as it may relate to this or any similar policy exclusion. There apparently is none.

Connecticut law has long upheld policy exclusions that have the effect of depriving an innocent victim of the benefit of the tortfeasor's liability insurance. See, e.g., *Flint* v. *Universal Machine Co.*, supra, 238 Conn. 637. Courts in other jurisdictions have considered and rejected this or similar public policy objections to the operation of this policy exclusion. See, e.g., *Allstate Ins. Co.* v. *Brown*, supra, 16 F.3d 225; *Allstate Ins. Co.* v. *Burrough*, supra, 914 F. Sup. 312; *Allstate Ins. Co.* v. *Norris*, 765 F. Sup. 272, 275 (S.D. Ind. 1992); *Allstate Ins. Co.* v. *Schmitt*, supra, 238 N.J. Super. 629–30. The subject policy exclusion does not violate public policy as contended by the defendant.

Simansky was convicted of violating § 53a-59 (a) (3), a class B felony. Section 53a-59 provides in pertinent part: "(a) A person is guilty of assault in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person . . . ."

General Statutes § 53a-3 sets forth definitions applicable to the Penal Code; § 53a-3 (13), concerning recklessness, provides: "A person acts 'recklessly' with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregarding it constitutes a gross deviation

from the standard of conduct that a reasonable person would observe in the situation."

The conviction followed a plea of nolo contendere. Simansky and Smith contend that the conviction is thereby inadmissible as an admission. *Krowka* v. *Colt Patent Fire Arm Mfg. Co.*, 125 Conn. 705, 713, 8 A.2d 5 (1939) (conviction of breach of peace and loitering after plea of nolo contendere not admissible to affect person's credibility). This rule normally is applicable to a civil suit by the victim against such person for injuries resulting from the occurrence underlying the plea.

Such is not the situation here. The present case involves the enforcement of a contractual provision in an insurance policy. " '[A] conviction pursuant to a nolo contendere plea gives rise to a variety of collateral consequences in subsequent proceedings.' " *Munnelly* v. *United States Postal Service*, 805 F.2d 295, 300 (8th Cir. 1986). *Munnelly* held that findings regarding misconduct on the part of a postmaster based on the postmaster's nolo contendere plea were properly relied upon by the postal service as the basis for his removal. Id.

The rule was succinctly stated in *Sokoloff* v. *Saxbe*, 501 F.2d 571, 574 (2d Cir. 1974): "Where, as here, a statute (or judicial rule) attaches legal consequence to the fact of a conviction, the majority of courts have held that there is no valid distinction between a conviction upon a plea of nolo contendere and a conviction upon a guilty plea or trial." *Sokoloff* held that a physician's conviction following a plea of nolo contendere for illegally distributing a controlled substance constituted a "conviction" for purposes of revocation of the physician's registration to distribute or dispense a controlled substance. Id., 574–75. In affirming the ruling of the administrative law judge, the court quoted with favor his rationale in denying the physician's argument

on the effect of his plea: " 'To permit him [the physician], now that the very license which imposed the restriction against criminal conduct is at stake, to say it never happened, would make a mockery of the law.' " Id., 575.

The same rule applies in the present case. The fact of the conviction has a collateral legal consequence on the enforcement of the policy exclusion. For purposes of the exclusion, the conviction cannot be disregarded as if it did not happen. It did happen, and in so happening triggered the exclusion.

The court notes the strict requirements regarding nolo contendere pleas imposed by the Practice Book (as well as case law). The plea must be in writing, the defendant must be properly canvassed, the plea must be found to be voluntary, and the judicial authority must be satisfied that there is a factual basis for the plea. Practice Book §§ 39-18 through 39-21, inclusive.

The final issue, for purposes of this summary judgment motion, involves the policy exclusion requirement that bodily injury would reasonably be expected to result from Simansky's criminal act. Simansky stabbed Smith in the neck with a knife. There can be no question but that bodily injury to Smith would reasonably be expected to result from this criminal act. Moreover, Simansky was convicted of a crime involving conduct which creates a risk of death to another person, and in fact causes serious physical injury to such person. To paraphrase the court's statement in *Allstate Ins. Co.* v. *Barnett*, supra, 816 F. Sup. 497 (discharge of a revolver inside a residence), "in light of the undisputed facts, no reasonable fact finder could determine that [Smith's] injuries were not the foreseeable consequences of [Simansky's] acts. Bodily injury is the natural and foreseeable result of [stabbing with a knife]."

"[S]ummary judgment 'shall be rendered forthwith if the pleadings, affidavits and any other proof submitted

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Suarez* v. *Dickmont Plastics Corp.*, 229 Conn. 99, 105, 639 A.2d 507 (1994). The moving party has the burden of showing the absence of any genuine issue as to all material facts. *Fogarty* v. *Rashaw*, 193 Conn. 442, 445, 476 A.2d 582 (1984).

"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) *Suarez* v. *Dickmont Plastics Corp.*, supra, 229 Conn. 105–106. "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." *United Oil Co.* v. *Urban Redevelopment Commission*, 158 Conn. 364, 380, 260 A.2d 596 (1969).

There is no genuine issue as to any material fact. Allstate is entitled to summary judgment as a matter of law. The policy exclusion applies. The motion is granted. Judgment shall enter in favor of Allstate.