Richard N. SHATZ, M.D., Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE, Kenneth G. Cloud, D.E.A., Respondent.

No. 88-1847.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1988.

Decided April 27, 1989.

Murray A. Marks, St. Louis, Mo., for petitioner.

Theodore R. Carron, Washington, D.C., for respondent.

Before McMILLIAN and BEAM, Circuit Judges, and WHIPPLE,* District Judge.

McMILLIAN, Circuit Judge.

Dr. Richard N. Shatz petitions for review of a final decision of the United States Department of Justice, Drug Enforcement Administration (DEA), denying his application for a new certificate of registration to dispense controlled substances under 21 U.S.C. § 823(f). *Denial of Application (Richard N. Shatz)*, 53 Fed.Reg. 18,915 (May 25, 1988). For reversal, Shatz argues (1) the burden of proof was erroneously placed on him during the administrative proceedings and (2) the Administrator's decision is not supported by substantial evidence in the record as a whole. For the reasons discussed below, we deny the petition for review.

Shatz is a medical doctor; his area of specialization is plastic surgery. He has been a practicing physician for a number of years. In early 1982 DEA investigators discovered that, over a 20–month period, Shatz had ordered 20 ounces of pharmaceutical cocaine for office use. Shatz explained to the DEA investigators that he administered cocaine to his patients by first diluting the cocaine with water and then applying the solution to the face. DEA investigators consulted other area doctors who specialized in plastic surgery and determined that the use of one ounce of cocaine per month was considered excessive for office use and that cocaine was no longer widely used in practice. One consultant characterized Shatz's method of administering cocaine to patients as "outside the limit of reasonable practice."

In July 1982 DEA investigators executed an administrative inspection warrant at Shatz's office and obtained copies of his patient records. Shatz told the DEA investigators that he had not personally used any of the cocaine that he had ordered for office use. DEA investigators later interviewed 33 of Shatz's patients whose records indicated that Shatz had treated them with cocaine. Of these patients, 26 stated that they had not been treated with cocaine.

In November 1983 a federal grand jury indicted Shatz, charging him with one felony count of obtaining cocaine by misrepresentation, fraud, forgery, deception, or subterfuge, in violation of 21 U.S.C. § 843(a)(3). Shatz pled guilty to this one count and, on January 13, 1984, the district court suspended imposition of sentence, placed him on probation for four years and required him to perform 150 hours of community service. On January 20, 1984, Shatz surrendered his DEA certificate of registration. Shatz also surrendered his state medical license. Shatz completed the required period of community service at a neighborhood health clinic. His period of probation was terminated after two years. In October 1985 the state Board of Registration for the Healing Arts reinstated his medical license for a probationary period subject to the condition that he undergo periodic drug testing. In 1986 the state approved Shatz's request for permission to conduct activities with controlled drugs and, pursuant to a memorandum of understanding which set forth certain conditions, also granted him a state controlled substances registration.

In March 1986 Shatz filed an application with the DEA for a new certificate of registration under 21 U.S.C. § 823(f). The DEA issued Shatz an order to show cause why the application should not be denied on the grounds that his registration would be inconsistent with the public interest. Shatz requested a hearing, and an evidentiary hearing was held before Administrative Law Judge Mary Ellen Bittner. The ALJ recommended that Shatz's application for a new certificate of registration be denied as

---

* The Honorable Dean Whipple, United States District Judge for the Western District of Missouri, sitting by designation.

inconsistent with the public interest. *In re Shatz*, No. 87–61 (D.E.A. Feb. 17, 1988). The ALJ determined that Shatz's conduct had been egregious—he had been convicted of a drug-related felony; he had abused his professional position, as well as state and DEA certificates of registration, by obtaining cocaine for personal use; he had kept false drug and patient records; and he had lied to the DEA investigators about his treatment of patients and his personal drug use. Slip op. at 7–8. In addition, the ALJ found there was little evidence that Shatz had acknowledged his drug abuse or had been rehabilitated or that he appreciated the grave responsibility of DEA registration. *Id.* at 9. The Administrator adopted the recommendation of the ALJ in its entirety and denied the application. This petition for review followed.

The Controlled Substances Act, as amended by the Dangerous Drug Diversion Control Act of 1984, Pub.L. No. 98–473, Title II, § 511, 98 Stat. 2073, requires every person who dispenses or distributes any controlled substance to obtain a certificate of registration from the Attorney General. 21 U.S.C. §§ 822(a), 823(f). The Attorney General has delegated the authority to deny, revoke or suspend registrations to the Administrator of the DEA. *Id.* § 824; 28 C.F.R. § 0.100(b). An application for registration may be denied if the Administrator determines that registration would be "inconsistent with the public interest." 21 U.S.C. § 823(f); *see, e.g., Trawick v. DEA*, 861 F.2d 72, 74–75 (4th Cir.1988). In determining whether registration would be in the public interest, the Administrator must consider the following five statutory criteria: (1) the recommendation of the appropriate state licensing board or professional disciplinary authority, (2) the applicant's experience in dispensing or conducting research with respect to controlled substances, (3) the applicant's conviction record under federal or state laws relating to the manufacture, distribution, or dispensing of controlled substances, (4) compliance with applicable federal, state or local laws relating to controlled substances, and (5) such other conduct which may threaten the public health and safety. 21 U.S.C. § 823(f).

"As a reviewing court, we must accord proper deference to the DEA's expertise but must nonetheless make a 'searching and careful inquiry' of the record to determine whether the agency's decision was based on a consideration of the relevant factors and whether there was a clear error of judgment." *Trawick v. DEA*, 861 F.2d at 76 (citation omitted). We may interfere with the Administrator's decision to deny Shatz's application for a new certificate of registration "only if the decision is not permitted by law or is unjustified by the facts." *Fourth Street Pharmacy v. United States Department of Justice*, 836 F.2d 1137, 1138 (8th Cir.1988) (per curiam). We have carefully reviewed the record, and we find no error of law and conclude the decision is supported by substantial evidence in the record as a whole.

■ Shatz first argues the burden of proof was erroneously placed on him in the administrative proceedings. He argues that he should not have been required to prove that he was capable of dispensing controlled substances. To the contrary, Shatz argues the burden of proof should have been placed on the Administrator to establish that his registration would be inconsistent with the public interest under 21 U.S.C. § 823(f). We think the burden of persuasion and production on the issue whether registration would be in the public interest was correctly placed on the Administrator as an initial matter. Once the Administrator produced evidence of the state medical board's actions, the DEA investigation and the drug-related felony conviction, the burden of production only then shifted to Shatz to rebut this evidence. 21 U.S.C. § 824(c) (order to show cause; administrative proceedings).

■ Shatz next argues the Administrator's decision was not supported by substantial evidence in the record as a whole. Shatz argues that of the five statutory criteria, the only criterion against registration was his drug-related felony conviction. He argues that there was no evidence that

he was not competent to practice medicine or to dispense controlled substances.

Although the Administrator did not expressly discuss each statutory criterion in his decision, the Administrator based his decision on the entire record and specifically adopted the ALJ's recommended findings of fact and conclusions of law and decision in its entirety. The ALJ expressly listed the five statutory criteria and considered each criterion independently. We have reviewed the record and are convinced that the decision of the Administrator is supported by substantial evidence in the record as a whole. The record shows that (1) the state medical board reinstated Shatz's medical license and restored his state registration to handle controlled substances subject to certain significant restrictions, (2) he had abused his DEA certificate of registration by ordering cocaine for other than medical use, (3) he had been convicted of a drug-related felony, (4) he had not complied with applicable drug laws (he ordered cocaine for other than medical use, he used cocaine, he kept false drug and patient records, he lied to DEA investigators), and (5) his mishandling of cocaine had threatened the public health and safety.

Shatz also challenges the Administrator's determination that he has not been rehabilitated. The evidence of rehabilitation was not conclusive. Although Shatz and his psychiatrist testified that he had overcome his problem with cocaine and had been successfully treated for depression and addiction, there was little evidence to corroborate this claim of rehabilitation. For example, although Shatz repeatedly asserted that he had passed periodic drug tests, he did not provide any of the results of these drug tests. "Even though a different finder of fact may have determined that the evidence revealed that [the] petitioner is rehabilitated, 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Trawick v. DEA*, 861 F.2d at 77, *citing Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966).

We suggest, however, that the Administrator give careful consideration to any future application by Shatz for a new certificate of registration and in particular to any additional evidence in support of his claim of rehabilitation. *Cf. Sokoloff v. Saxbe*, 501 F.2d 571, 577 (2d Cir.1974) (permanent revocation of registration viewed as unduly harsh under circumstances).

Accordingly, the petition for review is denied.