76 F.3d 384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stanley Alan AZEN, M.D., Petitioner,
v.
DRUG ENFORCEMENT AGENCY, United States of America, et al., Respondent.
 No. 94-70124.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 17, 1995.
Decided Feb. 9, 1996.
 
 Before: FLETCHER, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stanley Alan Azen appeals the Drug Enforcement Administration's ("DEA") revocation of his certificate of registration to dispense and distribute controlled substances. See 21 U.S.C. § 822(a), (f). Azen is a currently practicing doctor whose registration was revoked because of a felony conviction for possession of cocaine and because of his long-term drug abuse. This court has jurisdiction pursuant to 21 U.S.C. § 877. We affirm the decision of the Acting DEA Administrator because the decision was not arbitrary or capricious.
 
 I.
 
 3
 We will not recite the facts of this case in detail because the parties are familiar with them, and there is no dispute in this case regarding the facts. We will review briefly, however, the procedural history.
 
 
 4
 In 1992 the Deputy Assistant DEA Administrator issued an Order to Show Cause to Azen, proposing to revoke Azen's certificate of registration pursuant to 21 U.S.C. § 824 and to deny his pending application for renewal of registration pursuant to 21 U.S.C. § 823. After holding a two-day hearing, the Administrative Law Judge ("ALJ") found that Azen had abused controlled substances for many years, and that Azen had not adequately "recognized and dealt with the severity of his problem." The ALJ found that Azen's 1991 felony conviction for possession of cocaine and Azen's past drug use established grounds for revoking Azen's DEA registration. See In re Azen, No. 92-54, (DEA Oct. 18, 1993) (final administrative review). There was no evidence that Azen's violations involved his licensed access to narcotics, or that they affected his medical practice.
 
 
 5
 On review, the Administrator adopted most of the findings of the ALJ. The Administrator found, in pertinent part, that Azen had "abused drugs for a significant period of time," and that Azen had not "demonstrated a life long commitment to drug rehabilitation." Stanley Alan Azen, M.D., 59 Fed.Reg. 10168, 10170 (DEA 1994) (revocation of registration). The Administrator noted that DEA Administrators have consistently held that a felony conviction for drug use, unrelated to the registrant's DEA registration, is a valid ground for revocation. Id. (citing William H. Carranza, M.D., 51 Fed.Reg. 2771, 2771-72 (1986) (revoking registration in part because of felony conviction for cocaine possession); Paul Stepak, M.D., 51 Fed.Reg. 17556, 17556-57 (1986) (revoking registration because of felony convictions for LSD distribution)). The Administrator concluded that Azen's "history of non-compliance with the laws relating to controlled substances speaks for itself.... [T]he continued registration of Dr. Azen would be inconsistent with the public interest." Id.
 
 II.
 
 6
 This court sets aside a decision of the DEA only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); see also Northwest Motorcycle Ass'n v. USDA, 18 F.3d 1468, 1471 (9th Cir.1994).
 
 
 7
 The Administrator revoked Azen's registration because he had been convicted of a felony relating to a controlled substance, and his registration was "inconsistent with the public interest." See 21 U.S.C. § 824(a)(2), (4). Section 823 sets forth the criteria for determining whether registration is in the public interest. The Administrator found that Azen's registration was not in the public interest because (1) the California State Medical Board had filed an accusation against Azen, see 21 U.S.C. § 823(f)(1) ("recommendation of the appropriate State licensing board"); (2) Azen had not complied with state laws relating to controlled substances, see 21 U.S.C. § 823(f)(4) ("[c]ompliance with applicable State ... laws relating to controlled substances"); and (3) Azen's felony conviction was evidence of "conduct which may threaten the public health and safety," see 21 U.S.C. § 823(f)(5).
 
 
 8
 The Administrator fulfills his obligation to explain his decision if he considers the relevant factors. See Trawick v. DEA, 861 F.2d 72, 76 (4th Cir.1988). "Remand for more careful consideration of the relevant factors is generally proper only when it is unclear whether the Administrator actually considered the relevant factors at all." Id. at 76. Here, the Administrator clearly stated that he considered the relevant factors, and he stated what evidence supported his finding that those factors had been established.
 
 
 9
 The Administrator stated that he found the following facts to be controlling: (1) Azen's friends had frequently used drugs at his home, (2) Azen had "abused drugs for a significant period of time," and (3) Azen did not prove a "life long commitment to drug rehabilitation." The Administrator's findings are supported by substantial evidence in the record, which renders them conclusive. See 21 U.S.C. § 877; American Textile Mfrs. Inst. v. Donovan, 452 U.S. 490, 522 (1981) (stating that substantial evidence is "relevant evidence" that a "reasonable mind might accept as adequate to support a conclusion") (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951)).
 
 
 10
 We affirm the Administrator's decision because our standard of review is very limited. The Administrator's decision was not arbitrary or capricious, was not an abuse of discretion, and was in accordance with law. See 5 U.S.C. § 706(2)(A). Further, the Administrator's factual findings are supported by substantial evidence in the record. Azen does not dispute that he was convicted of a felony involving a controlled substance, nor does he dispute that he had a serious drug problem.
 
 
 11
 We emphasize, however, that this decision should not prejudice Azen in any subsequent application he makes for registration. At the time of the DEA's initial consideration of the matter, the felony conviction was close in time to the registration revocation--about one year. A more significant amount of time has now passed since Azen's conviction, and he offers impressive evidence of rehabilitation. Denial of a renewed application for registration, in which Azen presents evidence of rehabilitation and continued abstinence from illegal drugs, would present a very different case on review. See, e.g., Sokoloff v. Saxbe, 501 F.2d 571, 576-77 (2d Cir.1974) (stating that permanent revocation of registration would be "unduly harsh," that doctor's capacity to practice medicine was "seriously affected by the revocation," and therefore Administrator should give careful consideration to new application after passage of time).
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3