NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0864n.06

No. 12-4559

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 03, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JEFFERY J. BECKER, D.D.S.; and JEFFERY J. BECKER, D.D.S., AFFORDABLE CARE, | ) ) ) | ON PETITION FOR REVIEW OF FINAL DECISION OF DRUG ENFORCEMENT |
| Petitioners, | ) ) | ADMINISTRATION |
| v. | ) ) | |
| DRUG ENFORCEMENT ADMINISTRATION, | ) ) | OPINION |
| Respondent. | ) ) ) | |

BEFORE: MERRITT, GIBBONS and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.** This case presents a petition for judicial review of a final decision of the Deputy Administrator of the Drug Enforcement Administration (DEA). The decision revoked Certificates of Registration that authorized Jeffery J. Becker, D.D.S., to distribute controlled substances in the course of his practice of periodontic dentistry at locations in Norwalk, Ohio, and Milwaukee, Wisconsin. The decision is based on findings that Becker violated regulations establishing registration, record-keeping and secure-storage requirements relating to the dispensing of controlled substances at an unregistered location in Avon, Ohio. Becker contends essentially that his violations, to the extent they are established by substantial evidence at all, are technical and minor and do not warrant the severe penalty of revocation. For the reasons that follow, we hold that

the Deputy Administrator's findings are supported by substantial evidence and the sanction imposed is not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. We therefore deny the petition for review.

## I

The Deputy Administrator's Final Order is dated November 16, 2012 and was effective January 4, 2013. *Jeffery J. Becker, D.D.S., and Jeffery J. Becker, D.D.S., Affordable Care Decision and Order*, 77 Fed. Reg. 72387 (Dec. 5, 2012). It is based substantially on the Recommended Decision of Chief Administrative Law Judge John J. Mulrooney II, issued on December 21, 2011, following an administrative hearing conducted on November 8-9, 2011. In reviewing the Recommended Decision, the Deputy Administrator considered Becker's four Exceptions and found one to have merit.

The Deputy Administrator adopted the ALJ's recommended findings that:

(1) Becker maintained a dental practice in Avon, Ohio, where controlled substances were maintained and dispensed without obtaining a Drug Enforcement Administration Certificate of Registration, in violation of 21 U.S.C. § 822(e) and 21 C.F.R. § 1301.12;

(2) Becker's continued administering of controlled substances at the Avon location after having received notice this was in violation of the registration requirement justified finding the violation "flagrant;"

(3) Becker maintained controlled substances at the Avon location in an unsecured area, in violation of 21 C.F.R. § 1301.75(b); and

(4) Becker's records of controlled substances administered to patients were either incomplete or erroneous and therefore unreliable.[1]

Further, the Deputy Administrator adopted the ALJ's conclusion that the above violations made out a prima facie showing that Becker's continued registration would be inconsistent with the public interest under the factors set forth at 21 U.S.C. § 823(f). Finding that Becker had failed to rebut the prima facie case by demonstrating acceptance of responsibility for his misconduct and implementation of appropriate corrective measures, the Deputy Administrator adopted the recommendation to revoke his existing registrations for the Norwalk and Milwaukee locations and deny any pending renewal application.

In his petition for review, Becker contends the findings that he violated the secure-storage and record-keeping requirements are not supported by substantial evidence. He also contends the Deputy Administrator acted arbitrarily and capriciously and abused her discretion in concluding that his registration was so inconsistent with the public interest as to warrant revocation.

**II**

The Deputy Administrator's factual findings are conclusive if they are supported by substantial evidence. 21 U.S.C. § 877; *see also Volkman v. DEA*, 567 F.3d 215, 219 (6th Cir. 2009). To satisfy this standard, the evidence supporting a finding must be more than a scintilla and must do more than create a suspicion of the fact found to exist. *Hoxie v. DEA*, 419 F.3d 477, 482 (6th Cir.

---

[1]The Deputy Administrator refrained from adopting the ALJ's finding that Becker disposed of controlled substances improperly, in violation of 21 C.F.R. § 1307.21, concluding the regulation is vague and failed to give fair notice of prohibited conduct. *Becker*, 77 Fed. Reg. at 72391.

2005). Applying this standard, we have no difficulty concluding that the Deputy Administrator's fact-findings are sufficiently supported by the record.

We acknowledge, as did the Deputy Administrator, that the deficiencies in Becker's controlled substances storage practices found to exist in Avon have been corrected. For this reason, the finding of past storage deficiencies played little or no role in the disciplinary decision. *Becker*, 77 Fed. Reg. at 72388, 72391.

Further, we note that although the Deputy Administrator alluded to Becker's record-keeping deficiencies in explaining her decision to adopt the recommended discipline, *id.* at 72391, the ALJ's recommended decision does not include an explicit finding of a record-keeping violation, *see id.* at 72407-08. Rather, the ALJ observed that Becker's records were incomplete and failed to reliably account for the high levels of controlled substance medications reportedly administered at the Avon location. *Id.* at 72406. The ALJ considered this relevant to his assessment of whether continued registration would be inconsistent with the public interest under 21 U.S.C. § 823(f). In particular, the ALJ noted that questions arising from the records led to testimony by Becker that was lacking in candor and credibility, *id.* at 72399-72401, reflecting adversely on his entitlement to continued registration. Likewise, the Deputy Administrator considered Becker's failure to remedy the manifest record-keeping deficiencies as relevant to whether the recommended revocation was "arbitrary, capricious and unsupported by law." *Id.* at 72391. In other words, the record-keeping deficiencies are significant not as a "rules violation" *per se*, but as part of the totality of circumstances contributing to the decision to revoke Becker's registrations, which we review below.

**III**

Becker contends the Deputy Administrator acted arbitrarily and capriciously and abused her discretion by imposing such a harsh penalty. Under the Administrative Procedure Act, 5 U.S.C. § 706(2)(a), the Deputy Administrator's choice of sanction is entitled to substantial deference. *MacKay v. DEA*, 664 F.3d 808, 820 (10th Cir. 2011). The decision to revoke a certificate of registration will be upheld unless it is shown to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id*. (quoting 5 U.S.C. § 706(2)(A)); *Volkman*, 567 F.3d at 219-20 (same). As long as the record reflects "a rational connection between the facts found and the choice made," the decision will be sustained. *Volkman*, 567 F.3d at 220.

Here, the Deputy Administrator's decision was premised first on the finding that Becker engaged in misconduct that rendered his registration inconsistent with the public interest under 21 U.S.C. § 824(a)(4). The government had the burden of proving such misconduct. 21 C.F.R. § 1301.44(e). In evaluating the government's showing under the five factors delineated at 21 U.S.C. § 823(f), the Deputy Administrator was not required to make explicit findings regarding all five factors and had the prerogative to give each factor the weight deemed appropriate. *Hoxie*, 419 F.3d at 482; *Medicine Shoppe-Jonesborough v. DEA*, 300 F. App'x 409, 411 (6th Cir. 2008). Here, the Deputy Administrator's decision, adopting the ALJ's recommendation, rested primarily on two of the five factors. Weighing in favor of revocation, according to the ALJ, were Becker's experience of dispensing controlled substances at an unregistered location, *see* 21 U.S.C. § 823(f)(2), and his noncompliance with the federal law requirement that the Avon office be registered, *see* 21 U.S.C. § 823(f)(4).

It was undisputed that Becker maintained an unregistered dental office in Avon and continued administering controlled substances there long after having been given notice of the violation and, in fact, right up to the time of the administrative hearing in November 2011. The ALJ found this latter fact particularly troubling. The ALJ noted that the separate-registration requirement is an essential component in the DEA's efforts to prevent unauthorized diversion of controlled substances. *Becker*, 77 Fed. Reg. at 72405; *see also Volkman*, 567 F.3d at 221-22. The ALJ did not take lightly Becker's acknowledgment that he continued dispensing controlled substances without applying for registration of the Avon office.

The ALJ noted that evidence of a registrant's persistent misconduct or attempts to circumvent requirements after being put on notice enhances the government's case. *Becker*, 77 Fed. Reg. at 72404. Despite Becker's "undeniably impressive" professional history, the ALJ rejected Becker's argument that his continued wrongdoing was based on a misunderstanding of the separate-registration requirement. The ALJ observed that Becker "as a DEA registrant is responsible for understanding his obligations under the clear language of the relevant regulations." *Id.* at 72405. He noted that a registrant's minimizing, or failure to acknowledge the wrongfulness, of past misconduct could be a predictor of future performance. *Id.* at 72402, n. 73. The ALJ reasoned that "a transgression can only be rationally styled as an aberration when it is acknowledged by the actor as a transgression for which remorse is demonstrated." *Id.* at 72404. By "doggedly refus[ing] to bring himself into compliance," Becker was deemed to be in "flagrant violation." *Id.* at 72405.

The Deputy Administrator adopted the ALJ's assessment, also rejecting Becker's argument that the language of the governing regulations is ambiguous and not clearly understood among

practitioners. The Deputy Administrator's explanation of the plain meaning of the language, *id.* at

72387-88 (discussing 21 U.S.C. § 822(e) and 21 C.F.R. § 1301.12), is not irrational or contrary to

law. *See Medicine Shoppe*, 300 F. App'x at 412 (DEA's interpretation of its own regulation

recognized as controlling unless plainly erroneous or inconsistent with the regulation). We have no

occasion to disturb her determination that Becker's claim of reasonable confusion or mistake was

not credible.[2]

The government having thus established a prima facie case of misconduct rendering

continued registration inconsistent with the public interest, the burden shifted to Becker to rebut this

showing by presenting sufficient mitigating evidence to demonstrate he could be entrusted with the

responsibility commensurate with registration. *Id.* at 72402. This burden required Becker to accept

responsibility for the established misconduct and demonstrate what corrective measures had been

undertaken to prevent reoccurrence. *Id*.

The ALJ, who conducted the two-day administrative hearing and heard Becker's testimony

firsthand, was clearly not satisfied that Becker carried this burden. Again, the ALJ focused on

Becker's continued dispensing of controlled substances at an unregistered location after being put

on notice that this was a violation. But even more importantly, the ALJ emphasized Becker's

attitude:

> [Becker's] repeated and continuing violations in the face of—and even motivated
> by—his disagreement with his obligations as a registrant, undermine the confidence

---

[2]We note that Becker's misunderstanding of the regulations found *some* support in the testimony of the government's own expert. This would seem to mitigate Becker's culpability and be relevant to the penalty imposed, considered below.

that can be placed in him to execute his responsibilities in compliance with the law.

*Id.* at 72408. The ALJ recognized that these problems were easily correctable, but was troubled by

Becker's stubbornness:

> The present record does not present transgressions on a level that could not have been overcome by a credible and persuasive acceptance of responsibility coupled with a cogent plan for coming into compliance and avoiding future violations; but inasmuch as neither demonstration was convincingly offered by [Becker], under current Agency precedent, he cannot prevail.

*Id.* The ALJ thus recommended revocation.

The Deputy Administrator gave short shrift to Becker's objection that this sanction was

arbitrary and capricious:

> [T]o this day, [Becker] does not accept responsibility for his violations of the registration requirement; instead, he argues—notwithstanding that the Agency's regulation is clear on its face—that because others violate the same regulation, his violations should be excused.

*Id.* at 72391. The Deputy Administrator rejected Becker's argument that revocation under such

circumstances was unfair as a significant departure from prior Agency precedent, citing *Daniel*

*Koller*, 71 Fed. Reg. 66975 (2006). In *Koller*, registration was denied in part because the applicant's

statements reflected "a stunning disregard for the requirements of the Federal law" and failed to

assure the Deputy Administrator that past violations would not be repeated in the future. *Id.* at

66983.

Becker continues to insist that revocation is unwarranted. He argues that his understanding

of the separate-registration requirement was not totally unsupported or unreasonable. He maintains

that revocation is disproportionately harsh in light of the nature of his infractions and in comparison with other decisions by the Deputy Administrator.

None of these arguments is meritless. Yet, none of them addresses the gravamen of the Deputy Administrator's manifest concern. Even though the ALJ's recommended decision—thoroughly analyzing the record under the governing standards and explaining the recommendation to revoke—had issued eleven months earlier, as of the date of the Deputy Administrator's decision, Becker still had not accepted responsibility for wrongdoing. And apparently, Becker still has not applied for registration for the Avon office. Instead, his briefing continues to smack of the same defensiveness that so troubled the ALJ and the Deputy Administrator.

Becker acknowledges in his reply brief that he has become defensive in reaction to prior investigations and has been loath to be seen as admitting guilt by "rolling over." He contends it is not reasonable to ask him "to 'fall on his sword' before knowing the validity of the charges against him and what discipline he faces." Yet, it has been almost two years since Becker received the ALJ's recommended decision. Since then, he has had notice that the very official who recommended revocation believed he could overcome the cited violations by simply accepting responsibility, applying for registration of the Avon office, and showing commitment to tightening-up controlled substances storage and record-keeping procedures.

Becker professes a willingness "to institute whatever procedures the DEA imposes as a condition of his registration," but his erstwhile failure to take the recommended action speaks louder than words. Even though the recommended corrective action requires nothing more than simple

compliance with the prerequisites of registration—hardly demanding that he "fall on his sword"—Becker insists on challenging the DEA's authority to the full extent of the law. He is within his rights to do so, of course, but he assumes the very real risk that his resistance to such simple requirements will be perceived as contumaciousness and disregard for the law.

We have previously recognized that a registrant's acceptance of responsibility and cooperation are legitimate and important considerations in the Deputy Administrator's exercise of discretion. In *Hoxie*, 419 F.3d at 483-84, we denied a petition for review where a physician's registration was revoked for lack of candor, forthrightness and cooperation. *See also Medicine Shoppe-Jonesborough*, 300 F. App'x at 413-14 (upholding revocation and noting that registrant had undermined its own showing of trustworthiness by denying wrongdoing instead of owning up to mistakes and making amends); *MacKay*, 664 F.3d at 820-22 (noting that physician's failure to admit fault, accept responsibility, and reform his habits justified revocation).

We acknowledge that revocation is a harsh sanction. Suspension pending compliance would seem to have been a reasonable alternative. Yet, considering the substantial deference owed to the Deputy Administrator's choice of sanction, we cannot hold that revocation has been shown to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.

**IV**

Accordingly, the petition for review is **DENIED**.[3]

---

[3]As have other courts when faced with similarly severe penalties, we recognize that revocation is not permanent and urge the Deputy Administrator to give careful consideration to any new application for registration that Becker may file. *See Murphy v. DEA*, 11 F.3d 140, at *6 (10th Cir. 1997) (unpublished); *Azen v. DEA*, 76 F.3d 384 at *2 (9th Cir. 1996) (unpublished); *Schatz v. U.S. Dep't of Justice*, 873 F.2d 1089, 1092 (8th Cir. 1989); *Noell v. Bensinger*, 586 F.2d 554, 559 (5th Cir. 1978); *Sokoloff v. Saxbe*, 501 F.2d 571, 576-77 (2d Cir. 1974).